**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security    **0** Assumption of Executory Contract or Unexpired Lease    **1** Lien Avoidance

Last Revised August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:

**Sabo, Thomas**
Debtor(s)

Case No. **3:18-bk-16700**

Judge

## CHAPTER 13 PLAN AND MOTIONS

[ ] Original    [X] Modified/Notice Required    Date: **June 15, 2022**

[X] Motions Included    [ ] Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

[ ] DOES [X] DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[X] DOES [ ] DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[X] DOES [ ] DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: **DES**    Initial Debtor: **TS**    Initial Co-Debtor:

**Part 1: Payment and Length of Plan**

a. The debtor has paid $99,058.00 to date. Debtor shall pay $ **2,520.00** per **month** to the Chapter 13 Trustee, starting on **7/01/2022** for approximately **10** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
[X] Future Earnings
[ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
[X] Sale of real property
Description: **3419 Quaker STreet, Wall, NJ**
Proposed date for completion: **12/01/2022**

[ ] Refinance of real property
Description:
Proposed date for completion: _____

[ ] Loan modification with respect to mortgage encumbering property
Description:
Proposed date for completion: _____

d. [X] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

**Part 2: Adequate Protection [X] NONE**

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____ (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Straffi & Straffi** | **Administrative Expense** | 6,180.00 |
| **Internal Revenue Service** | **Taxes** | 14,489.89 |
| **State of NJ Division of Taxation** | **Taxes** | 1,339.73 |
| **Standing Chapter 13 Trustee** | **507(a)(1) Admin. Exp.** | To be determined |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
**[X] None**
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence: [ ]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Select Portfolio Servicing | 3419 Quaker St, Wall, NJ 07719-4738 | 139,123.53 | 0.00% | 139,123.53 | 2,250.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Toyota Motor Credit | 2010 Toyota Corolla | $225.20 | 0.00 | $225.20 | $225.20 |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| None | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [ ] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Wells Fargo Bank, NA | 3419 Quaker St, Wall, NJ 07719-4738 | 148,579.21 | 495,000.00 | 498,276.00 | 0.00 | 0.00% | 0.00 |

3

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender [X] NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **None** | | | |

**f. Secured Claims Unaffected by the Plan [ ] NONE**

The following secured claims are unaffected by the Plan:
**Ally Financial - Auto Loan**

**g. Secured Claims to Be Paid in Full Through the Plan [ ] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **None** | | |

**Part 5: Unsecured Claims [ ] NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

    ___ Not less than $ _____ to be distributed *pro rata*
    **X** Not less than **100** percent
    ___ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **Dept of Ed/Navient** | **Student Loan** | **Outside of Plan** | 27,651.00 |
| **Dept of Ed/Navient** | **Student Loan** | **Outside of Plan** | 10,675.00 |
| **Dept of Ed/Navient** | **Student Loan** | **Outside of Plan** | 6,592.00 |

**Part 6: Executory Contracts and Unexpired Leases [X] NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| **None** | | | | |

**Part 7: Motions [ ] NONE**

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). [ ] NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |

b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured. [ ] NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Wells Fargo Bank, NA | 3419 Quaker St, Wall, NJ 07719-4738 | 148,579.21 | 495,000.00 | 498,276.00 | 0.00 | 0.00 |

c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. [X] NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| NONE | | | | | |

## Part 8: Other Plan Provisions

a. Vesting of Property of the Estate

   **X**  Upon Confirmation
   ___ Upon Discharge

b. Payment Notices

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

   1) **Trustee Commissions**

      2) **Other Administrative Claims**
      3) **Secured Claims**
      4) **Lease Arrearages**
      5) **Priority Claims**
      6) **General Unsecured Claims**

   **d. Post-petition claims** The Standing Trustee **[ ]** is, **[X]** is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification [ ] NONE

NOTE: Modification of a plan does not require that a separate motion be filed.  A modified plan must be served in accordance with D.N.J. LBR 3015-2.

If this plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified:  **6/15/2022**

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| **The Plan is being modified to remove the loan modification and to allow the sale of the residence within the next six (6) months.** | **The Plan was modified by removing the loan modification and now includes the sale of the residence within the next six (6) months.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?  **[ ]** Yes  **[X]** No

### Part 10: Non-Standard Provision(s): Signatures Required

   Non-Standard Provisions Requiring Separate Signatures:

   **[X]** NONE
   **[ ]** Explain here:

   Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **June 15, 2022**        */s/ Thomas Sabo*
                                        Debtor

Date: **June 15, 2022**
                                        Joint Debtor

Date: **June 15, 2022**        */s/ Daniel E. Straffi, Jr.*
                                        Attorney for the Debtor(s)